### No. 389

EVANS, Admrx., et v. RUSSELL, Admrx., et. No. 19641. Supreme Court

On motion to certify. Dock. Feb. 24, 1926; 4 Abs. 160.

997. REAL PROPERTY—1. When does a contingent remainder vest in a devisee under a will, when the contingency is the renouncing of the Catholic Faith?

2. Is the right to renounce the Catholic Faith a property right?

Ida Evans, as administratrix of the estate of Clinton W. Evans, deceased, and Caryl W. Evans, brought this action originally against Letah Russell, as executrix of the estate of Hattie Evans deceased, Harriett Evans, a minor, Letah Russell, Clara Barber and The Elyria Home for the aged, a corporation, in the Ashtabula Common Pleas for the construction of a will.

Caryl Evans, age 39 years, is the son and sole heir of the testatrix, and the life tenant mentioned in her will. The defendant, Harriett Evans, a minor, age 16 years, is his daughter. Caryl Evans claims the remainder of the estate of his mother after the payment of her debts and the satisfaction of the claims of Ida Evans, as administratrix.

The following paragraph of the will of Hattie Evans, deceased raises the question at issue:

"I give, devise and bequeath to my beloved son, Caryl W. Evans, the use of the remainder of the estate at the death of my husband, and at the death of my son, Caryl W. Evans, the remainder of my estate to Harriett Evans, provided she renounces the Catholic Faith. If not, I give, devise and bequeath to Letah Russell $300, and Clara Barber $300, and the remainder of my estate to The Elyria Methodist Home."

The Court of Appeals found that Harriett Evans could not renounce the Catholic Faith until she reached the age of 21 years.

The plaintiff's, in the Supreme Court, contend:

1. That the remainders therein created are contingent remainders because the will expressly makes them so.

2. The remainders, being contingent, are not vested in any person by the terms of the will, and therefore, the reversion descends to Caryl W. Evans, sole heir of his mother, subject to the terms of her will.

3. Where the reversion, descends to the sole heir who is the life tenant, the rules of law will not permit a merger ipso facto, for that would be to destroy the will at the moment it takes effect.

4. The contingent remainders are not property rights.

5. That the right to renounce the Catholic faith is not a property right and may therefore be exercised before the age of 21 years is reached.

Attorneys—F. M. McCarthy, Cleveland, for Evans et; Perry, Perry & Perry, Jefferson, and F. A. Stetson, Elyria, for Russell et.